The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. However, pursuant to its authority under G.S. 97-85, the Full Commission has modified the Deputy Commissioners decision regarding the credit in defendants favor.
************
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Defendant denies that the parties are subject to the North Carolina Workers Compensation Act.
2. An employee-employer relationship existed at the time of plaintiffs injury.
3. Defendant was not insured for purpose of workers compensation at the time of plaintiffs injury.
4. Liability has not been admitted and plaintiff has not received any indemnity compensation.
5. Plaintiffs average weekly wage on 18 April 1997 was $320.00, yielding a compensation rate of $213.31.
************
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff began working for defendant as a plumber approximately three months prior to 18 April 1997, the date of the incident giving rise to this claim.
2. Defendant, Mr. Eugene Watts, is a sole proprietor who operates his plumbing business, Perfect Pluming, out of his residence. Defendants wife, who is disabled, does the bookkeeping for the business and answers the phone when defendant is not present. Defendants wife does not receive any salary or other compensation for her services and is not a regular employee of defendants.
3. Defendant also operates a gun shop at a different location. In April 1997, defendants normal routine was to remain at his residence in the mornings until he had dispatched his plumbing employees off to their assignments. Defendant would then go to his gun shop for the remainder of the day. His employees did the majority of the plumbing work with defendant performing approximately ten percent of the plumbing work personally.
4. At the time of the incident giving rise to this claim defendant had only two (2) employees, plaintiff and Mr. David Weitzel.
5. Plaintiff testified that defendant had another part-time employee who plaintiff assumed was still working at the time of the incident on 18 April 1997. Defendant testified that the person plaintiff was referring to, Mr. John Burton, quit prior to April 1997. The Full Commission gives more weight to defendants testimony on this issue.
6. On 18 April 1997, plaintiff and Mr. David Weitzel were assigned to a plumbing job in for that afternoon and were driving defendants van. After completing the plumbing job, plaintiff and Mr. Weitzel were on their way back to defendants house to pick up their pay checks when plaintiff told Mr. Weitzel that he needed to stop by his apartment. The two men then drove five or six blocks out of the way to stop by plaintiffs residence where he ran in to speak with his girlfriend. Plaintiff then got back into defendants van and resumed driving to defendants house. Approximately two or three blocks from plaintiffs apartment, the van was in an accident from which plaintiff sustained injuries.
7. Despite the testimony of Mr. Weitzel that he and plaintiff stopped by plaintiffs apartment and despite the fact that the location of the accident was not along the direct route from the job site to defendants house, plaintiff testified that he does not remember going by his apartment prior to the motor vehicle accident.
************
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Defendant, a sole proprietor, regularly employed less than three employees in his plumbing business as of the date of plaintiffs accident and is therefore not subject to or bound by the provisions of the North Carolina Workers Compensation Act. G.S.97-2(2);
2. The North Carolina Industrial Commission does not have jurisdiction over this claim. G.S. 97-13.
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters:
 AWARD
1. Plaintiffs claim must be and is DENIED.
2. Each side shall pay its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER